1  Michelle L. Roberts, State Bar No. 239092
   Cassie Springer Ayeni, State Bar No. 221506
2  SPRINGER & ROBERTS LLP
   1050 Marina Village Pkwy., Ste. 105
3  Alameda, CA 94501
   Tel:  510.992.6130
4  Fax: 510.280.7564
   Email:  michelle@ssrlawgroup.com
5          cassie@ssrlawgroup.com

6  *Attorneys for Plaintiff*
   Amy Hirschkron

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10             OAKLAND/SAN FRANCISCO DIVISION

11

12  AMY HIRSCHKRON,                    )  Case No. 4:15-cv-00664
                                       )
13                    Plaintiff,       )
           vs.                         )  **COMPLAINT (ERISA)**
14                                     )
                                       )
15  PRINCIPAL LIFE INSURANCE COMPANY,  )
                                       )
16                                     )
                                       )
17                    Defendant.       )
                                       )
18  _____ )
                                       )
19

20                       **JURISDICTION**

21      1.      Plaintiff brings this action for declaratory, injunctive, equitable, and monetary

22  relief pursuant to § 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of

23  1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(3).  This Court has subject matter

24  jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and

25  (f), and 28 U.S.C. § 1331.

                            **VENUE**
26
        2.      Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2),
27
28  29 U.S.C. § 1132(e)(2), because Plaintiff resides in and was employed in this District prior to

COMPLAINT (ERISA)
Case No. 4:15-cv-00664                                        Page 1

1   becoming disabled, the breaches alleged occurred in this District, and the ERISA-governed plan

2   at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. §

3   1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims

4   occurred within this District.

5                              **INTRADISTRICT ASSIGNMENT**

6           3.      At all relevant times Plaintiff resided in either Alameda County or Sonoma

7   County, California.  Defendant Principal Life Insurance Company may be found in and

8   administered the long-term disability benefits program under the FTI Consulting Employee

9   Benefit Plan ("the Plan")  in part in, and some of the breaches alleged occurred in Alameda and

10  Sonoma County.  Plaintiff does not oppose assignment to either the Oakland or San Francisco

11  division.

12                                      **PARTIES**

13          4.      At all relevant times, Plaintiff Amy Hirschkron ("Plaintiff") was a participant, as

14  defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

15          5.      At all relevant times, the Plan was an employee welfare benefit plan within the

16  meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's former employer, FTI

17  Consulting, Inc. ("FTI").

18          6.      Defendant Principal Life Insurance Company ("Principal")  is a corporation

19  headquartered in Des Moines, IA and issues insurance products from the Principal Financial

20  Group, including long-term disability insurance.  Principal is a business registered with the

21  California Secretary of State.

22          7.      At all relevant times, Principal funded the Plan's long-term disability

23  ("LTD") benefits to employees, including Plaintiff, by a group policy contract with FTI.

24  Principal is a claim fiduciary responsible for paying benefits under the Plan and making decisions

25  regarding eligibility for benefits under the Plan.  Principal is also responsible for paying any

26  benefits owing under the terms of the Plan.

27                                      **FACTS**

28          8.      In February of 2008, Plaintiff began working for FTI after it acquired her then

employer, Strategic Discovery, Inc.  Plaintiff worked for FTI in the area of electronic discovery consulting and project management.  Plaintiff's job at FTI is consistent with the job functions, requirements, and tasks of Electronic Discovery Project Managers in a national labor market.

9.      A Project Manager may spend approximately 95% of his or her work day sitting at a computer doing various tasks.  The work of a Project Manager is performed in an environment in which he or she is managing simultaneously multiple cases or projects, including managing multiple teams.  The work requires long hours, 50 to 70 hours typically, including weekend work.  The work can be stressful trying to meet the client's expectations, the attorney's requirements, and the court deadlines/timeframes, while completing work in a detailed, quality manner.

10.     While at FTI, Plaintiff  usually worked seven days a week.  She worked with people on the East Coast of the US, as well as in Europe and Asia, so she often had to work unusual hours to meet the needs of FTI's clients.  Plaintiff often worked upwards of 70 hours per week.

11.     Plaintiff went out on her first period of disability in September of 2010 due to pain she had in the bottom of her foot that spread to her hip, back, and leg.  Plaintiff was diagnosed with sciatica.  Plaintiff also underwent surgery for torn meniscus cartilage due to an injury.  Plaintiff was later diagnosed with complex regional pain syndrome ("CRPS").

12.     Plaintiff returned to work at FTI in September of 2011, initially on a staggered schedule and with her doctor's (Dr. Carol Jessop) recommendation to work mostly from home. Plaintiff's health was improving for a while after her return to work.  Dr. Jessop advised FTI that Plaintiff should be allowed to work from home as much as possible to assist with her pain management because the only position Plaintiff was comfortable working in was lying down, and she had an area at home set up by an ergonomic consultant where she could work from a prone position.

13.     In June of 2012, FTI required Plaintiff to start working at the office four days a week.  Soon after she started working at FTI's office four days a week, Plaintiff's pain and other symptoms increased, and she was diagnosed with fibromyalgia.  Plaintiff left her position at FTI

1    on September 14, 2012 due to chronic hip and back pain, and pain and fatigue from fibromyalgia

2    and sciatica.

3        14.    The Plan defines "Disability; Disabled" as follows:

4        During the Elimination Period and the Benefit Period , one of the following

5        applies:

6        a.    You cannot perform the majority of the Substantial and Material Duties of

7            your Own Occupation.

8        b.    You are performing the duties of your Own Occupation on a Modified

9            Basis or any occupation and are unable to earn more than 80% of your

10           Indexed Predisability Earnings.

11       The loss of a professional or occupational license or certification does not, in

12           itself, constitute a Disability.

13       15.    Plaintiff applied for benefits under the Plan.  By letter dated April 23, 2013,

14   Principal determined that Plaintiff was not eligible for LTD benefits because the documentation

15   it received did not support Plaintiff's claim that she was unable to perform her own occupation.

16       16.    By letter dated October 17, 2013, Plaintiff, through counsel, submitted an appeal

17   to Principal's denial of benefits.  On December 16, 2013, Principal overturned its claim denial

18   and paid Plaintiff LTD benefits.

19       17.    On February 7, 2014, after a series of communications between Principal, FTI,

20   and Plaintiff's counsel, Principal determined that Plaintiff's LTD benefit calculation should have

21   included amounts she received in bonuses, which nearly doubled her monthly LTD benefit to

22   $10,250.

23       18.    By letter dated March 6, 2014, Principal determined that Plaintiff was not

24   eligible for LTD benefits beyond February 4, 2014 and stopped paying her benefits.

25       19.    By letter dated August 8, 2014, Plaintiff, through counsel, submitted an appeal to

26   Principal requesting that it reverse its decision to deny her claim.  Plaintiff submitted ample

27   evidence supporting her disability, including but not limited to, a functional capacity evaluation

28   report based on a 2-day examination, a cardiopulmonary exercise test report also based on a 2-

1  day examination, and a labor-market survey finding that the restrictions and limitations assigned

2  to Plaintiff by Principal's doctors would not enable her to work in her Own Occupation as that is

3  defined in the Plan.

4       20.    By letter dated November 18, 2014, Principal upheld its adverse claim decision

5  and provided Plaintiff with another opportunity to appeal.

6       21.    By letter dated December 11, 2014, Plaintiff, through counsel, submitted a

7  voluntary appeal to Principal.  Plaintiff submitted additional records which revealed that she had

8  two newly discovered brain tumors.  Her neuro-opthamologist, Dr. Rebecca Stacy, opined that

9  these tumors were causing Plaintiff's visual impairment and headaches.  Dr. Stacy further opined

10 that the level of vision impairment would preclude her from performing work at a computer at a

11 full-time job.

12      22.    By letter dated February 9, 2015, Principal again upheld the denial of Plaintiff's

13 LTD claim.

14      23.    Plaintiff has exhausted any and all requirements to exhaust her administrative

15 remedies prior to bringing a civil action under section 502(a) of ERISA.

16      24.    Plaintiff has been disabled under the terms of the Plan since she left work

17 permanently starting September 14, 2012 due to symptoms related to sciatica, CRPS,

18 fibromyalgia, and brain tumors.

19      25.    On information and belief, no Plan document for the Plan reserves or grants

20 to Principal any discretionary authority to determine eligibility for benefits.

21      26.    The applicable judicial standard of review of Principal's denial of Plaintiff's

22 LTD claim is *de novo*.

23      27.    If a Plan document does confer discretionary authority to Principal,

24 such discretion is rendered invalid by California Insurance Code Section 10110.6.

25      28.    To the extent that abuse of discretion review applies to Principal's claim

26 and appeal decision, Plaintiff is informed and believes that Principal denied her claim for LTD

27 benefits because of its financial conflict of interest caused by its dual role as payor of benefits

28 and the claims administrator.  Principal's conflict of interest warrants increased skepticism

COMPLAINT (ERISA)
Case No. 4:15-cv-00664                                                        Page 5

regarding its decision to deny Plaintiff's long-term disability claim and appeal. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9ᵗʰ Cir. 2006) (en banc) and *Metropolitan Life Insurance. Co. v. Glenn*, 128 S. Ct. 2343 (2008).

### FIRST CLAIM FOR RELIEF
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)
Against Defendant]**

29.     Plaintiff incorporates Paragraphs 1 through 28 as though fully set forth herein.

30.     ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

31.     Under the terms of the Plan, Plaintiff is entitled to a monthly LTD benefit equaling 60% of her Predisability Earnings, minus offsets of certain earnings and other income benefits, until age 65 or until she is no longer disabled under the terms of the Plan.

32.     At all relevant times, Plaintiff has been entitled to LTD benefits under the Plan. By denying Plaintiff's claim for LTD benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

### SECOND CLAIM FOR RELIEF
**[Claim for Benefits Pursuant to ERISA § 502(a)(3)
Against Defendant]**

33.     Plaintiff incorporates Paragraphs 1 through 28 as though fully set forth herein

34.     ERISA § 502(a)(3), 29 U.S.C. § 1102(a)(3), authorizes a plan participant to bring a civil action (A) to enjoin any act or practice which violates any provision of ERISA or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress violations of ERISA or the terms of the plan or (ii) to enforce any provisions of ERISA or the terms of the plan.

35.     Principal is a claim fiduciary of the Plan because it has the discretion to make benefit determinations and acted in its fiduciary capacity when it administered and denied Plaintiff's LTD claim.

36.     Plaintiff breached its fiduciary duty to Plaintiff by rendering a claim determination that was in its financial interest and contrary to the evidence demonstrating Plaintiff's disability. Principal also breached its fiduciary duty to Plaintiff by relying on 1) out-of-date and irrelevant surveillance; 2) a vocational assessment not based on Plaintiff's own occupation or accurate restrictions and limitations; 3) pure "paper" assessments that were based on faulty information; and 4) an independent medical examination report that gave Plaintiff work restrictions that did not comport with her own occupation.

37.     By wrongfully denying Plaintiff's LTD claim and withholding the payment of benefits, Principal has become unjustly enriched by retaining plan assets and the interest earned thereon.

38.     In addition to a declaration of her rights under the terms of the Plan pursuant to ERISA § 502(a)(1)(B), to redress violations of the terms of the Plan, Plaintiff is entitled, pursuant to ERISA §502(a)(3) to an order requiring disgorgement of any profits earned by Defendant on benefits wrongfully withheld or untimely distributed under the terms of the governing Plan or prejudgment interest, whichever is greater.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that the Court grant the following relief:

A.     Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for LTD benefits;

B.     Order Defendant to pay LTD benefits to Plaintiff pursuant to the terms of the Plan from February 4, 2014 through the date judgment is entered herein;

C.     Declare Plaintiff's right to reinstatement into the Plan and her right to receive future LTD benefit payments under the terms of the LTD Plan for as long as she remains disabled under the Plan's terms;

D.     Order Defendant to pay prejudgment interest or disgorge any profits that Principal has earned on benefits wrongfully withheld from Plaintiff, whichever is greater;

E.     Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein

1  pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

2        F.      Provide such other relief as the Court deems equitable and just.

3

4  Dated:  February 12, 2015                          Respectfully submitted,

5                                                     SPRINGER & ROBERTS LLP

6                                           By:      /s/*Michelle L. Roberts*

7

8                                                    Michelle L. Roberts
                                                     *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28