UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY HIRSCHKRON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 15-cv-00664-JD<br><br>**ORDER ON CROSS-MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 28, 31 |

　　　　This is an ERISA action. Plaintiff Amy Hirschkron, a former employee of FTI Consulting, Inc., sought but was ultimately denied long term disability benefits under the FTI Consulting Employee Benefit Plan ("the Plan"). Dkt. No. 1. Plaintiff claims that the denial violated Sections 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). *Id*.

　　　　It is undisputed that the Plan is an employee welfare benefit plan that is governed by ERISA, and defendant acknowledges that long term disability benefits under the Plan are "funded by group insurance policy No. H52745 ('Group Policy')" which was issued by Principal Life to FTI Consulting. Dkt. No. 31 at 1. Defendant acknowledges that it "acts as the claim review fiduciary" under the Plan. *Id*.

　　　　What is disputed at this stage of the case is the standard the Court should apply to review the decision to deny plaintiff's long-term disability claim. At the request of the parties, the Court set this issue for early decision. Dkt. No. 26. The parties have filed cross-motions for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on that single issue. Dkt. Nos. 28, 31. Although teed up under Rule 12(c), "matters outside the pleadings [were] presented to and not excluded by the court," and so the Court treats these motions as "one[s] for [partial] summary judgment under Rule 56." Fed. R. Civ. P. 12(d). This approach is particularly

suitable here because the motions are directed at a single and specific question of law; both parties have attached the relevant Plan-related documents with their respective motions; and plaintiff has additionally submitted a statement of recent decision after the close of briefing. *See*, *e.g.*, Dkt. Nos. 29, 32, 36. The Court finds that the parties have been "given a reasonable opportunity to present all the material that is pertinent to the motion" as required by Rule 12(d).

Plaintiff asks the Court to find "that the applicable standard of review on plaintiff's ERISA § 502(a)(1)(B) claim for benefits is *de novo*." Dkt. No. 28 at i. Defendant urges "an arbitrary and capricious standard of review." Dkt. No. 31 at ii. The Court grants plaintiff's cross-motion and denies defendant's cross-motion.

## DISCUSSION

The United States Supreme Court's decision in *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101 (1989), frames the analysis. After initially noting that "ERISA does not set out the appropriate standard of review for actions under § 1132(a)(1)(B) challenging benefit eligibility determinations," *id*. at 109, the Court held that "a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Id*. at 115. So the first question is: does the benefit plan here give defendant discretionary authority as described in *Firestone*?

Both parties here have identified the same three documents as the relevant Plan-related documents the Court should consider in answering this question: (1) the Group Policy for FTI Consulting, Inc.: FTI Members Group Long Term Disability Insurance ("Group Policy"); (2) the Group Booklet-Certificate for Members of FTI Consulting, Inc.: All Members Group Long Term Disability Insurance ("Group Booklet-Certificate"); and (3) FTI Consulting Inc.'s completed Employer Application for Group Insurance -- MD. *See* Dkt. No. 29, Exs. 1-3; Dkt. No. 32, Exs. A-C.

As an initial matter, plaintiff acknowledges that language relating to defendant's discretionary authority is contained in the Group Policy and the Group Booklet-Certificate. *See* Dkt. No. 28 at 2. The Group Policy states that "[t]he Principal has complete discretion to construe

2

or interpret the provisions of this group insurance policy, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided." *Id*. (quoting Dkt. No. 29, Ex. 1 at AR 8855). Similarly, the Group Booklet-Certificate, which was "drafted and issued by Principal," provides that "[w]e reserve complete discretion to construe or interpret the provisions of this group insurance, to determine eligibility for benefits, and to determine the type and extent of benefits, if any, to be provided." Dkt. No. 28 at 2 (quoting Dkt. No. 29, Ex. 2 at AR 9068).

These discretionary provisions appear to bring an arbitrary and capricious standard of review into play under *Firestone*, but plaintiff demurs. Plaintiff argues that these provisions are invalid and unenforceable under California Insurance Code Section 10110.6(a). Dkt. No. 28 at 5-7. That Section, which became effective on January 1, 2012, provides that "[i]f a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable." Subsections (e) and (g) also expressly provide that "[t]his section applies to both group and individual products," and it "is self-executing. If a life insurance or disability insurance policy, contract, certificate, or agreement contains a provision rendered void and unenforceable by this section, the parties to the policy, contract, certificate, or agreement and the courts shall treat that provision as void and unenforceable."

Defendant does not dispute that plaintiff is a resident of California. Dkt. No. 31 at 3. Nor does defendant argue that the Plan is not a "policy, contract, certificate, or agreement . . . that provides or funds . . . disability coverage for" plaintiff (a California resident). Defendant also makes no claim that the Plan was not "offered, issued, delivered, or renewed" after the effective date of Section 10110.6(a) but before plaintiff's claim accrued. *See Gonda v. The Permanente Med. Grp., Inc.*, 10 F. Supp. 3d 1091 (N.D. Cal. 2014).

The only argument defendant does make against the applicability of California Insurance Code Section 10110.6(a) is that "the Group Policy contains an express choice of law provision, stating that the laws of the state of Maryland apply to the Group Policy." Dkt. No. 31 at 3. But while both parties make arguments about the enforceability of this choice of law provision, and about whether or not the undisputed discretionary provisions would be valid under Maryland law, these arguments are irrelevant to the question at hand.

On its face, California Insurance Code Section 10110.6, which is "self-executing," expressly applies to policies, contracts, certificates or agreements that were offered, issued, delivered or renewed "whether or not in California." The plain language of the Section voids discretionary provisions even if the relevant policy, contract, certificate or agreement contains a choice of law provision that ultimately results in the substantive rights and obligations of the parties being governed by the laws of a state other than California.

Consequently, the Court agrees with the reasoning in the cases of *Rapolla v. Waste Management Employee Benefits Plan*, Case No. 13-cv-02860-JST, 2014 WL 2918863, at *5 (N.D. Cal. June 25, 2014), and *Snyder v. Unum Life Ins. Co. of America*, Case No. CV-13-07522-BRO (RZx), 2014 WL 7734715, at *10-11 (C.D. Cal. Oct. 28, 2014). As *Snyder* held, although "choice of law provisions in ERISA contracts should be followed so long as they are 'not unreasonable or fundamentally unfair,'" allowing a choice of law provision to trump California Insurance Code Section 10110.6 on the narrow issue of the applicable standard of review for a denial of benefits would subvert the right to a "fair review of claims denials" that was granted by the California legislature to all California residents. 2014 WL 7734715, at *11. While defendant points to *Doe v. PricewaterhouseCoopers Health & Welfare Benefit Plan*, No. C 13-02710 JSW, 2014 WL 2737840 (N.D. Cal. June 11, 2014), as the more persuasive case, *see* Dkt. No. 35 at 4, the Court finds that *Doe* does not actually address this issue head-on -- it refers only generally to "California law" without making any express reference to California Insurance Code Section 10110.6. To the extent *Doe* can be read to support the conclusion that a choice of law provision can trump the applicability of Insurance Code Section 10110.6 on the question of the applicable standard of review in a claim denial case, the Court disagrees with it.

4

**CONCLUSION**

The single issue before the Court is the standard of review the Court should apply in reviewing defendant's denial of long term disability benefits to plaintiff. The Court finds that on that issue, there is no genuine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law under Rule 56(a) of the Federal Rules of Civil Procedure.

Although it is undisputed that the relevant Plan documents contain provisions conferring upon defendant the discretionary authority to "construe or interpret the provisions of this group insurance" and to "determine [plaintiff's] eligibility for benefits," the Court finds those provisions to be void and unenforceable under California Insurance Code Section 10110.6. Consequently, the Court finds that under *Firestone*, 488 U.S. 101, the denial of plaintiff's benefits (which she challenges under 29 U.S.C. § 1132(a)(1)(B)) must be reviewed under a *de novo* standard.

The Court sets a case management conference for December 9, 2015, at 1:30 p.m. to discuss the next steps in this case in light of this order. The parties are to file a joint status statement with a revised case management schedule by December 2, 2015.

**IT IS SO ORDERED.**

Dated: October 29, 2015

_____
JAMES DONATO
United States District Judge